Raymond S. LEE, et al.

v.

Shankerbhai P. PATEL, et al.

Civ. A. No. 82–0829–R.

United States District Court,
E.D. Virginia,
Richmond Division.

June 3, 1983.

Charles D. Bennett, Jr., Rappahannock
Legal Services, Inc., Fredericksburg, Va.,
for plaintiffs.

George C. Rawlings, Jr., Rawlings &
Pruitt, Fredericksburg, Va., Linwood T.
Wells, Jr., Asst. Atty. Gen., Richmond, Va.,
for defendants.

## OPINION

WARRINER, District Judge.

Presently the Court has before it defendant Shankerbhai P. Patel's ripe motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for plaintiffs' failure to state a claim upon which relief can be granted.

The amended complaint [1] alleged the following facts, which the Court accepts as true for the purposes of determining defendant's motion. *Kugler v. Helfant,* 421 U.S. 117, 125, n. 5, 95 S.Ct. 1524, 1531, n. 5, 44 L.Ed.2d 15 (1975). Prior to 15 May 1982 plaintiffs Raymond S. Lee and Everlina Lee resided with their seven dependent children in two units at Payne's Motel in Fredericksburg, Virginia. Defendant Shankerbhai P. Patel is the manager of Payne's Motel, and defendant D.R. Patel [2] is the owner of Payne's Motel.

According to the amended complaint, plaintiffs and their family had lived in Payne's Motel from October, 1981, to December, 1981, and from January, 1982, through 15 May 1982. The amended complaint stated that since plaintiffs had been tenants in Payne's Motel for more than thirty days plaintiffs' tenancy was subject to the provisions of the Virginia Residential Landlord and Tenant Act, Va.Code §§ 55–248.2–.40. The amended complaint also states that plaintiffs' tenancy was subject to the provisions of Va.Code §§ 55–217–248. The amended complaint states that the Virginia statutes required that plaintiffs' tenancy be terminated in accordance with certain procedures. The amended complaint also states that under the statutes a tenant has a cause of action against a landlord for unlawful removal or exclusion from the premises, which provides for the recovery of actual damages and reasonable attorney fees.

According to the amended complaint, plaintiffs' tenancy could not be terminated without proper notice in accordance with the above cited statutes and without a provision in the termination notice for plaintiffs to correct a violation of the tenancy agreement if that violation was the basis for the termination. The amended complaint further states that if a tenant fails to vacate the premises by the date stated in the notice of termination, the landlord must file an action in unlawful entry and detainer to seek a State court order requiring the tenant to vacate. Further, the amended complaint states that the landlord is prohibited from withholding the premises from the tenant by methods other than those set forth in the statutes cited above.

On 1 May 1982 plaintiffs failed to pay the rent that was due on that date. After plaintiffs' failure to pay rent, defendant Shankerbhai P. Patel filed a complaint and appropriate sworn statements with the Magistrate for the City of Fredericksburg, Virginia, defendant Mary Stephens Thaxton, in order to have the Magistrate issue an arrest warrant for plaintiffs.

On 15 May 1982, pursuant to an arrest warrant issued by defendant Thaxton as a result of defendant Shankerbhai P. Patel's sworn complaint, plaintiffs were arrested by the Fredericksburg Police. On that same day plaintiffs appeared before defendant Thaxton and advised Thaxton that plaintiffs and their family were tenants at Payne's Motel and that their tenancy was subject to the Virginia Residential Landlord and Tenant Act, or words to that effect. Magistrate Thaxton ordered plaintiffs to vacate the premises at Payne's Motel and to remove all their property within a two hour period.

According to the amended complaint, plaintiffs were without an automobile and without a place to store their personal property and were therefore forced to discard

---

1. The amended complaint was filed on 14 January 1983. The only difference between the amended complaint and the original complaint is the correction of a legal citation in paragraph 21.

2. On 14 April 1983 the parties filed a stipulation of dismissal of plaintiffs' claims against defendant D.R. Patel pursuant to Fed.R.Civ.P. 41(a)(1)(ii).

clothes and household goods valuing in excess of $9,000. A substantial part of plaintiffs' two hour time limit was expended searching for their children, from whom plaintiffs had been removed as a result of their arrest.

On 17 May 1982, plaintiffs were reinstated in their units at Payne's Motel by a temporary restraining order issued by the Circuit Court for the City of Fredericksburg. Subsequently defendant Shankerbhai P. Patel filed two warrants in the General District Court for the City of Fredericksburg for rent and for unlawful entry and detainer.

The amended complaint alleges that defendant Shankerbhai P. Patel acted under color of State law to deprive plaintiffs of their property rights created by State law and protected by the due process clause of the Fourteenth Amendment to the United States Constitution. Plaintiffs seek declaratory and injunctive relief and compensatory and punitive damages. Plaintiffs claim a deprivation of their Fourteenth Amendment due process rights in violation of 42 U.S.C. § 1983. The Court is alleged to have jurisdiction pursuant to 28 U.S.C. § 1343(3).

■ Two elements are necessary to establish a § 1983 claim:

First, the plaintiff must prove that the defendant has deprived him of a right secured by the 'Constitution and laws' of the United States. Second, the plaintiff must show that the defendant deprived him of this constitutional right 'under color of any statute, ordinance, regulation, custom, or usage, of any State or territory.'

*Adickes v. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). This second element requires that a plaintiff show that a defendant acted "under color of" State law.

The first clause of the Fourteenth Amendment provides in part: "No state shall ... deprive any person of life, liberty, or property without due process of law...." "Since [the Supreme] Court's decision in the *Civil Rights Cases,* 109 U.S. 3 [3 S.Ct. 18, 27 L.Ed. 835] (1883), 'the princi-

ple has become firmly imbedded in our constitutional law that the action inhibited by the first section of the Fourteenth Amendment is only such action as may fairly be said to be that of the states.'" *Blum v. Yaretsky,* —— U.S. ——, ——, 102 S.Ct. 2777, 2785, 73 L.Ed.2d 534 (1982), quoting *Shelley v. Kraemer,* 334 U.S. 1, 13, 68 S.Ct. 836, 842, 92 L.Ed. 1161 (1948). "'That Amendment erects no shield against merely private conduct, however, discriminatory or wrongful.'" *Id.*

■ The State action component of the Fourteenth Amendment limits the reach of the Amendment's protections. The Fourteenth Amendment erects a shield between the government and private citizens. That shield protects citizens against constitutional infringements by the States. Consequently the reach of the Fourteenth Amendment is limited to decisions and actions undertaken by a State. "And § 1983, which was enacted pursuant to the authority of Congress to enforce the Fourteenth Amendment, prohibits interference with federal rights under color of state law." *Rendell-Baker v. Kohn,* —— U.S. ——, ——, 102 S.Ct. 2764, 2770, 73 L.Ed.2d 418 (1982).

In this case plaintiffs allege that defendant Shankerbhai P. Patel deprived plaintiffs of their Fourteenth Amendment due process rights in violation of 42 U.S.C. § 1983. Thus, to establish their claim under § 1983, plaintiffs must show that Shankerbhai P. Patel's conduct constituted "State action" under the Fourteenth Amendment and action "under color of" State law under § 1983. "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: Is the alleged infringement of federal rights 'fairly attributable to the state?'" *Rendell-Baker v. Kohn,* —— U.S. ——, ——, 102 S.Ct. 2764, 2770, 73 L.Ed.2d 418 (1982). This is

to assure that constitutional standards are invoked only when it can be said that the State is *responsible* for the specific

conduct of which the plaintiff complains. The importance of this assurance is evident when, as in this case, the complaining party seeks to hold the State liable for the actions of private parties.

*Blum v. Yaretsky,* —— U.S. ——, ——, 102 S.Ct. 2777, 2786, 73 L.Ed.2d 534 (1982).

■ Thus, the question presented in this case is whether Shankerbhai P. Patel's action in swearing out a warrant for plaintiffs' arrest can be fairly viewed as State action. Does a private person who has been the victim of a crime, or who believes he has been the victim of a crime, become a State actor merely by swearing out an arrest warrant for the criminal suspect? Is the swearing out of an arrest warrant by a private citizen action "under color of State law?"

The Supreme Court has articulated a number of tests for determining when the actions of a private person may be fairly attributed to the State. At the outset, it is clear that the facts alleged in the amended complaint do not establish a "symbiotic relationship" between Shankerbhai P. Patel and the State such as the one identified in *Burton v. Wilmington Parking Authority,* 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961), between a private tenant and a State lessor. Indeed, there is no indication in the amended complaint that Shankerbhai P. Patel and the State have any kind of an ongoing relationship other than that between citizen and sovereign.

Nor did Shankerbhai P. Patel perform a "public function" under *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 352, 95 S.Ct. 449, 454, 42 L.Ed.2d 477 (1974), by swearing out an arrest warrant. "That a private entity performs a function which serves the public does not make its acts state action." *Rendell-Baker v. Kohn,* —— U.S. ——, ——, 102 S.Ct. 2764, 2772, 73 L.Ed.2d 418 (1982). The filing by a private person of a sworn complaint for an arrest warrant does not constitute the performance of a function "traditionally exclusively reserved to the state." *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 352, 95 S.Ct. 449, 454, 42 L.Ed.2d 477 (1974). In-

deed, to the contrary, private persons, particularly those who believe themselves to have been the victim of a crime, traditionally have filed sworn complaints for arrest warrants.

To support their claim that Shankerbhai P. Patel engaged in State action under the due process clause of the Fourteenth Amendment and action under color of State law under § 1983 by filing a sworn complaint for an arrest warrant against plaintiffs, plaintiffs rely on the Supreme Court's recent decision in *Lugar v. Edmondson Oil Co.,* —— U.S. ——, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982), focusing on the Court's substantially relaxed application of the rule articulated in *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970).

In *Lugar,* a § 1983 case challenging a private creditor's prejudgment attachment of a debtor's property, the Court set forth the following standard upon which plaintiffs in this case rely to establish action "under color of" State law:

The rule in these cases is the same as that articulated in *Adickes v. S.H. Kress & Co., supra* [398 U.S.] at 152 [90 S.Ct. at 1605], in the context of an equal protection deprivation:

"Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute. To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents." . . . .

The Court of Appeals erred in holding that in this context "joint participation" required something more than invoking the aid of state officials to take advantage of state created attachment procedures. That holding is contrary to the conclusions we have reached as to the applicability of due process standards to such procedures. Whatever may be true in other contexts, this is sufficient when the state has created a system whereby state officials will attach property on the

*ex parte* application of one party to a private dispute.

*Lugar v. Edmondson Oil Co.,* —— U.S. ——, ——, 102 S.Ct. 2744, 2756, 73 L.Ed.2d 482 (1982). Plaintiffs in this action point to the *Lugar* Court's statement that the "joint participation" contemplated in *Adickes* required nothing more than "invoking the aid of state officials". *Id.* However, plaintiffs' reliance on this language is misplaced.

First, the *Lugar* Court's relaxation of the *Adickes* standard was explicitly limited by the Court to prejudgment attachment cases that challenge a State statute as procedurally defective under the Fourteenth Amendment's due process clause. The language by its terms is limited in its applicability to the particular context of State prejudgment attachment procedures. Further, perhaps in anticipation of such a claim as the one plaintiffs advance in this case, the Court emphasized in a footnote:

> [W]e do not hold today that "a private party's mere invocation of state legal procedures constitutes 'joint participation' or 'conspiracy' with state officials satisfying the § 1983 requirement of action under color of law." ... The holding today, as the above analysis makes clear, is limited to the particular context of prejudgment attachment.[3]

*Lugar v. Edmondson Oil Co., supra,* —— U.S. at ——, n. 21, 102 S.Ct. at 2755, n. 21. Since the instant case does not involve a challenge to the constitutional validity of a State prejudgment attachment statute, the relaxed *Adickes* rule applied by the Court in *Lugar v. Edmondson Oil Co.* is not applicable to plaintiffs' claim.

Second, the Court in *Lugar* emphasized that a complaint that does not challenge the constitutionality of a State statute but merely alleges misuse of the State statute by a private person "does not state a cause of action under § 1983 but challenges only

private action." *Lugar v. Edmondson Oil Co., supra,* at ——, 102 S.Ct. at 2756. "That [defendant] invoked the statute without the grounds to do so could in no way be attributed to a state rule or a state decision." *Id.* The "private misuse of a state statute does not describe conduct that can be attributed to the state...." *Id.* at ——, 102 S.Ct. at 2756. Though "the procedural scheme created by the statute obviously is the product of state action," *id.,* without a procedural challenge to the State statute on due process grounds plaintiffs' § 1983 claim fails to establish that defendant, a private person, engaged in State action under the due process clause and action under color of State law under § 1983.

In this case plaintiffs' claim is that Shankerbhai P. Patel used the wrong State procedures to redress the violation of the tenancy agreement. Indeed, plaintiffs' primary plaint is that the procedures set forth in the Virginia Residential Landlord and Tenant Act were *not* followed by Shankerbhai P. Patel. This conclusion is firmly established by reference to plaintiffs' amended complaint and plaintiffs' response to Patel's motion to dismiss:

> Plaintiffs agree that appropriate evictions, following lawful procedures, are private actions. Plaintiffs cannot agree, however, that this defendant used such procedures; indeed, plaintiffs allege that it was his failure to use required eviction procedures that led to this Action. By following the procedure he did follow, defendant acted under Color of State Law.

Plaintiffs' Response at 2. Thus, plaintiffs' amended complaint focuses on the misuse of State eviction procedures. Even under *Lugar v. Edmondson Oil Co., supra,* this fails to state a claim under § 1983.

---

**3.** Responding to this language, Justice Powell in dissent wrote:

> The Court avers that its holding "is limited to the particular context of prejudgment attachments." ... However welcome, this limitation lacks a principled basis. It is unclear why a private party engages in state action

when filing papers seeking an attachment of property, but not when seeking other relief (e.g., injunction), or when summoning police to investigate a suspected crime.

*Lugar v. Edmondson Oil Co.,* —— U.S. ——, ——, n. 8, 102 S.Ct. 2744, 2762, n. 8, 73 L.Ed.2d 482 (1982) (Powell, J., dissenting).

Thus, the Court finds that the relaxed rule applied in *Lugar v. Edmondson Oil Co., supra,* is inapplicable since this is not a prejudgment attachment case, and alternatively, that under the standard set forth in *Lugar v. Edmondson Oil Co., supra,* plaintiffs' amended complaint fails to state a claim under § 1983 since the "private misuse of a state statute does not describe conduct that can be attributed to the state...." *Lugar v. Edmondson Oil Co., supra,* —— U.S. at ——, 102 S.Ct. at 2756.

The Supreme Court has held that "[p]rivate parties who corruptly conspire with a judge in connection with such conduct are thus acting under color of state law within the meaning of § 1983...." *Dennis v. Sparks,* 449 U.S. 24, 29, 101 S.Ct. 183, 187, 66 L.Ed.2d 185 (1980).

> [A] private party involved in such a conspiracy, even though not an official of the State, can be liable under § 1983. "Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute. To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in a joint activity with the State or its agents." ....

*Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970).

Plaintiffs' amended complaint does not allege a conspiracy between Shankerbhai P. Patel and Magistrate Thaxton. The only contact between Shankerbhai P. Patel and Thaxton alleged in the amended complaint was the presentation by Shankerbhai P. Patel to Thaxton of Patel's sworn complaint for an arrest warrant against plaintiffs. This falls far short of alleging facts sufficient to constitute a conspiracy between Patel and Thaxton.

The amended complaint does not allege joint participation between Patel and Thaxton in the swearing out of the arrest warrant. Nor were Patel and Thaxton engaged in a joint activity. The action subject to the Court's analysis is Shankerbhai P. Patel's filing of a sworn complaint for an arrest warrant against plaintiffs. Magistrate Thaxton acted *in response* to an action of a private person, swearing out an arrest warrant. "Mere state approval is not 'state action'." *Modaber v. Culpeper Memorial Hospital, Inc.,* 674 F.2d 1023, 1026 (4th Cir. 1982).

> [A] state normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State... Mere approval of or acquiescence in the initiatives of a private party is not sufficient to justify holding the State responsible for those initiatives under the terms of the Fourteenth Amendment.

*Blum v. Yaretsky,* —— U.S. ——, ——, 102 S.Ct. 2777, 2786, 73 L.Ed.2d 534, 50 U.S. L.W. 4859, 4862 (1982).

"Of course, merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks,* 449 U.S. 24, 28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980). Cf. *Earnest v. Lowentritt,* 690 F.2d 1198, 1200 (5th Cir.1982) ("Of course, the requisite 'joint participation' envisioned in *Adickes* goes beyond the mere use of the state court system by private litigants in the course of an ordinary lawsuit.")

■ Similarly, the unilateral action by a private person of filing a sworn complaint for an arrest warrant of another person suspected to have committed a crime does not constitute State action or action under color of State law. Nor does a State magistrate's issuance of an arrest warrant in response to the filing of the sworn complaint convert the complaining private person's actions into State action or action under color of State law.

If a citizen who has been a victim of a crime, or believes himself to be the victim of a crime, is engaged in State action under color of State law when he swears out a warrant, then he is also engaged in State action when he drives on the right hand

side of the highway, or pays his State taxes, or conveys title to an automobile through the State Division of Motor Vehicles, or records the deed to his property, obtains a marriage license, or probates his will. Most everything we do in our intercourse with others we do by virtue of or under authority of State law. If *that* is what is meant by action under color of state law then the Bill of Rights, which was intended to protect us from tyranny from the central government, will have proven to be the source of a terrible interference by private citizens in the lives of their fellow citizens through the medium of the federal courts. For this Court to adopt "such a holding would utterly emasculate the distinction between private as distinguished from state conduct. . . ." *Moose Lodge No. 107 v. Irvis,* 407 U.S. 163, 173, 92 S.Ct. 1965, 1971, 32 L.Ed.2d 627 (1972).

Defendant Shankerbhai P. Patel's motion to dismiss is GRANTED.

And it is so ORDERED.