**ARTCO CORPORATION,**
**Plaintiff–Appellant,**

v.

**LYNNHAVEN DRY STORAGE MARINA, INC.; Lynnhaven Building Supply Corporation, Defendants–Appellees.**

**No. 89–2407.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 8, 1989.
Decided March 15, 1990.

---

Janet Elizabeth Pitterle, Hogan & Hartson (David J. Hensler, Hogan & Hartson, Washington, D.C., John W. Drescher, Breit, Drescher & Breit, Norfolk, Va., on brief), for appellant.

Clifford A. Coppola, Clark & Stant, P.C. (Frederick T. Stant, III, Clark & Stant, P.C., Virginia Beach, Va., on brief), for appellees.

Before ERVIN, Chief Judge, and PHILLIPS and CHAPMAN, Circuit Judges.

CHAPMAN, Circuit Judge:

This matter is before us for the second time on the question of an award of attorney's fees under Rule 11 of the Federal Rules of Civil Procedure. When we first addressed this dispute, we held that the district court had improperly applied a subjective, bad-faith standard in ruling on the Rule 11 motion. We remanded the case to the district court with instructions to reconsider the motion under the proper, objective standard, 873 F.2d 1437. On remand, the

district court again refused to award fees and the movant has appealed. We now hold that the district court abused its discretion in failing to award attorney's fees under the objective standard mandated for the evaluation of Rule 11 motions and we therefore reverse.

### I.

In 1983, Artco Corporation and Lynnhaven Dry Storage Marina, Inc., entered an agreement under which Artco agreed to construct, at Lynnhaven's place of business, a series of racks for the dry storage of boats. After the construction of the racks was complete, Lynnhaven refused to pay for them, asserting that the structures were incapable of bearing the weights for which the contract called. Artco filed suit against Lynnhaven in Virginia state court to recover the amount owing under the contract. Before the case came to trial, the parties entered a settlement agreement. The agreement incorporated by reference the original contract for the construction of the racks. It further provided that Lynnhaven would place the contract price for the racks in escrow with its attorney and that Lynnhaven would direct the attorney to release the funds once Artco had completed certain, enumerated repairs to the boat racks. Should questions arise over whether Artco had sufficiently fulfilled its obligations, the agreement provided that the parties would submit their dispute to a neutral third party whose decision on questions of completion would be binding on the parties.

Artco substantially completed its obligations under the settlement agreement and requested that the escrowed funds be released. Lynnhaven refused to authorize its attorney to disburse the escrow, claiming that Artco had not fulfilled its responsibilities. In accordance with the settlement agreement, the parties submitted their dispute to an arbitrator who examined the racks and concluded that Artco had rendered full performance. In spite of the arbitrator's conclusion, Lynnhaven obdurately refused to authorize the release of the funds. Artco then brought this action in federal court, seeking to enforce the terms of the settlement agreement. The complaint contained the following allegations:

> Artco has fulfilled its responsibilities pursuant to the terms of [the settlement agreement] and has demanded that Lynnhaven authorize Frederick T. Stant, III to disburse [the escrow].

> Notwithstanding the repeated requests of Artco, Lynnhaven refuses to fulfill its contractual responsibilities pursuant to the terms of [the agreement] by specifically failing to direct Frederick T. Stant, III to release the escrowed funds.

In its answer, Lynnhaven denied these allegations. Before trial, however, Lynnhaven stipulated that Artco had substantially fulfilled the terms of the agreement and that Lynnhaven had refused to authorize the release of the escrow. The district court entered judgement for Artco, directing Lynnhaven to release the escrow.

After the district court entered judgement, Artco filed a motion seeking attorney's fees under Rule 11. The district court denied this motion, stating that such an award was not justified since Lynnhaven had not acted in bad faith. Artco appealed and we remanded the case to the district court with instructions to evaluate the Rule 11 motion under an objective standard rather than under the subjective, bad faith standard. On remand, the district court again denied the motion for attorney's fees. It ruled that "[t]he facts and circumstances of this case establish that a reasonable attorney in like circumstances would believe his actions in asserting the suit are factually and legally justified" and that "there was and is merit to [Lynnhaven's] contentions." Artco has again sought review of the district court's decision.

### II.

██ Under Rule 11, an attorney's signature on a pleading signifies that

> to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is warranted by existing law or a good faith argument for the

extension, modification, or reversal of existing law, and that it is not interposed to harass or to cause unnecessary delay or needless increase in the cost of litigation. Fed.R.Civ.P. 11. The rule further provides that, if a pleading is signed in violation of the rule, the court *"shall* impose upon the person who signed it, a represented party, or both, an appropriate sanction." *Id.* (emphasis added). This court has held that the proper inquiry in ruling on Rule 11 motions is whether "a reasonable attorney in like circumstances would believe his actions to be factually and legally justified." *Cabell v. Petty,* 810 F.2d 463, 466 (4th Cir.1987); *NCNB, Nat'l Bank of N.C. v. Tiller,* 814 F.2d 931, 941 (4th Cir.1987). If the actions of an attorney or a party fail to meet this standard, an award of sanctions is mandatory under the rule. *Cabell,* 810 F.2d at 466. We hold that the actions of Lynnhaven and its counsel satisfy the standard for an award of sanctions under Rule 11, and we therefore hold that the district court abused its discretion in denying Artco's motion.

In the answer that it filed in this action, Lynnhaven denied the salient allegations of Artco's complaint. We find that these denials had no reasonable basis in law or fact and that they merit the imposition of sanctions. Attempting to comply with the settlement agreement, Artco completed the required repairs to the boat racks. In accordance with the terms of the agreement, the parties then sought the opinion of a neutral third party on the question of whether Artco had fulfilled its obligations. In the face of the arbitrator's conclusion that Artco had complied with the agreement, Lynnhaven still refused to comply with Artco's demand for payment on the racks which had, by this time, been in place and in use for several years. Although Lynnhaven and its counsel knew of this course of events, they filed an answer denying that Artco had fulfilled its responsibilities under the settlement agreement, that Artco had demanded disbursement of the escrowed funds, and that Lynnhaven had refused to fulfill its responsibilities under the agreement by failing to direct its attorney to release the escrow.

■ As a preliminary matter, we note that Lynnhaven has made no argument in this court that Artco did not demand the release of the escrow, but their answer denies that allegation along with the others. More serious, however, is Lynnhaven's denial of the allegations that Artco had performed its obligations under the settlement agreement and that Lynnhaven had breached the agreement. Striving to keep its conduct outside the dictates of Rule 11, Lynnhaven first argues that the rule requires only *some* prefiling inquiry into the facts and law underlying a pleading. In connection with this argument, we note that Lynnhaven's counsel did not enter this dispute for the first time shortly before he filed the answer. He had been involved in it at least since the negotiation of the settlement agreement and was, or should have been, well versed in the facts of the case. This is not a situation in which a pleading was filed based solely on the knowledge gained from a cursory investigation of the facts. Lynnhaven's counsel filed an answer containing denials that he knew to be unfounded in fact and he cannot now escape responsibility for his actions by asserting that such denials would have been reasonable if filed by an attorney unfamiliar with the case who had conducted the minimum inquiry acceptable under Rule 11.

In a further attempt to provide a reasonable basis for its denials, Lynnhaven asserts that, although Artco had completed the tasks specifically set out in the settlement agreement, the racks still failed to meet the specifications in the original contract. It contends that, since the contract for the construction of the racks was incorporated by reference into the settlement agreement, Artco had not properly fulfilled the agreement until the racks complied entirely with the terms of the original contract.

■ The flaw with Lynnhaven's argument is that the settlement agreement committed to the arbitrator all questions of completion: "[i]n the event a dispute arises over the completion of the work to be per-

formed by Artco pursuant to the terms of this agreement, a neutral party shall be selected by Artco and Lynnhaven whose decision on the issue of completion shall be binding on Artco and Lynnhaven." Once the arbitrator determined that Artco had fulfilled its obligations, the agreement bound Lynnhaven to release the funds: "[t]he deposited proceeds shall be disbursed to Artco only upon completion of the remaining terms of this agreement." Since the arbitrator concluded that Artco had fulfilled "the terms of this agreement," Lynnhaven breached the agreement by failing to release the escrowed funds. Lynnhaven's present reliance on the terms of the original contract is merely a post hoc justification for another step in its campaign to postpone, for as long as possible, payment for the boat racks that it was using and from which it was deriving income. There is no indication in the record that Lynnhaven requested that the arbitrator examine for the satisfaction of all the terms of the original contract. This being so, Lynnhaven cannot now rely on the absence of such an examination as a means of avoiding responsibility for its dilatory tactics.

Furthermore, accepting Lynnhaven's reliance on the original contract as a reasonable basis for its denials of Artco's allegations would destroy any incentive for a party-plaintiff to enter into a settlement in this sort of dispute. Brief reflection regarding the motives of a party that is in Artco's position and enters a settlement agreement will reveal why this is so. The agreement at issue here was only attractive to the parties because it provided a concise list of tasks, the completion of which would create an outcome to the dispute that was acceptable to both parties. Artco would have had no incentive whatsoever to agree to the settlement if, once it had completed its obligations thereunder, it would be forced, in order to ensure payment, to rely again on the contract on which it had originally sued.

Our holding today should not be construed to imply that, regardless of the events that may have occurred since the agreement was entered, a party must always make payment under a settlement agreement when the other party has fulfilled the specifics thereof. Surely if a major new flaw in the boat racks had become apparent after the parties entered the settlement agreement, Lynnhaven might have been justified in withholding payment in spite of Artco's·fulfillment of its obligations under the agreement. This, however, is not the situation with which we are presented. Instead, we face a situation in which Lynnhaven has attempted to fall back on the terms of the original contract in yet another attempt to postpone the payment that it has successfully avoided for several years.[*] Had Lynnhaven's answer contained affirmative allegations of new flaws in the racks that rendered them unsatisfactory after Artco's repairs, our holding might be different. In such case, Lynnhaven might have appeared to be attempting to resolve the dispute rather than to prolong it. Examining the answer that Lynnhaven filed, however, we hold that there was no reasonable basis in law or fact for the unqualified denial of Artco's allegations. Lynnhaven and its counsel knew them to be true and the construction of the settlement agreement for which Lynnhaven now argues would place the parties in exactly the position that they occupied before entering the agreement, thereby nullifying any advances toward the end of the dispute that the parties must have intended the agreement to accomplish.

In light of our holding, we direct Artco to submit, directly to this court, affidavits regarding the amount that it expended in

---

[*] Our interpretation of Lynnhaven's motives is strengthened by the corporation's continued refusal, in the face of requests by Artco, to pay any portion of the contract price. Lynnhaven refused these requests in spite of the fact that, from the time the construction of the racks was complete, it had been earning substantial income by using them for their intended purpose of storing boats. This was not a situation in which the refusal of any payment was justified by the complete failure of the product to function as intended. Here, despite the flaws in the racks, Lynnhaven had been benefiting financially from their use while refusing to pay any portion of their purchase price.

attorney's fees after Lynnhaven filed its answer denying the allegations of the complaint that are set forth on the second page of this opinion. Once we have this information, we will set the amount of the sanction that Lynnhaven and its counsel will be required to pay.

For the foregoing reasons, the ruling of the district court is

REVERSED.