928 F.2d 400
 19 Fed.R.Serv.3d 885
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James George WALKER, Plaintiff-Appellant,
v.
SUBURBAN HOSPITAL ASSOCIATION, Defendant-Appellee,
and
Joan FINERTY; Paul Quinn; James Gary; Bernadette Welch;
Charles Stewart; Lloyd Green; Dalton Williamson;
Eric E. Johnson; Heidi Christl
Marchand; Aester Hailu, Defendants.
 No. 90-1505.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 28, 1991.
Decided March 13, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (CA-86-962-JH)
 James George Walker, appellant pro se.
 Paul M. Lusky, Kruchko & Fries, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before K.K. HALL, PHILLIPS and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 In Walker v. Suburban Hospital Ass'n, No. 87-3117 (4th Cir. Mar. 25, 1988) (unpublished) (Walker I ), this Court affirmed the dismissal of Walker's employment discrimination claims based on 42 U.S.C. Secs. 1982, 1983, 1985, and the fifth and fourteenth amendments, and remanded the claims under Sec. 1981 and state law. In Walker v. Suburban Hospital Ass'n, No. 89-1412 (4th Cir. Sept. 19, 1989) (unpublished) (Walker II ), we affirmed the dismissal of Walker's remaining claims. Shortly thereafter, the hospital (SHA) moved for sanctions in the district court.[1] The matter was referred to the magistrate judge and, after consideration of Walker's response, the magistrate judge recommended that sanctions in the amount of $10,000 be imposed under Fed.R.Civ.P. 11. The parties objected and the district court adopted the recommendation of the magistrate judge. On appeal, SHA has moved for additional sanctions under Fed.R.App.P. 38 for fees and costs expended in the appeal of the sanctions award. We affirm the imposition of Rule 11 sanctions and deny SHA's motion for appellate sanctions.
 
 
 2
 * The imposition of sanctions in a Title VII case is not to be undertaken lightly--the history of litigation in this area is based, in large part, on persistent litigators pressing novel claims. Blue v. United States Dep't of Army, 914 F.2d 525, 534 (4th Cir.1990). "At the same time, however, no litigant can be allowed to abuse federal courts or opposing litigants with impunity." Id. Therefore,
 
 
 3
 a careful balance must be struck between chilling Title VII claims, so central to the concept of equal opportunity, and saying that accusations, no matter how unfounded, may be brought immune from the usual rules of law which govern litigants.
 
 
 4
 Id. at 535. See also Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422-23 (1978).
 
 
 5
 The standard of review on appeal is whether the district court abused its discretion. Cooter & Gell v. Hartmarx Corp., 110 S.Ct. 2447, 2461 (1990); Blue, 914 F.2d at 538-39. The inquiry is an objective one--whether a reasonable attorney[2] in like circumstances would believe his actions to be factually and legally justified. Artco Corp. v. Lynnhaven Dry Storage Marina, Inc., 898 F.2d 953, 956 (4th Cir.1990). Thus, an attorney must conduct a pre-filing investigation into the facts and law before filing his complaint. Simpson v. Welch, 900 F.2d 33, 36 (4th Cir.1990). However, Rule 11 sanctions are not appropriate for merely filing a "vague and conclusory" complaint, id., and instead, are more appropriately assessed for "the prolonged maintenance of a frivolous suit." Blue, 914 F.2d at 537.[3] If the actions of an attorney do not meet the objective standard, the award of sanctions is mandatory. Artco, 898 F.2d at 956; Cabell v. Petty, 810 F.2d 463, 466 (4th Cir.1987).
 
 II
 
 6
 The magistrate judge found that, although Walker had not litigated in bad faith, his pursuit of his frivolous claims was objectively unreasonable. The magistrate judge summarized the earlier characterizations of Walker's actions throughout the litigation as follows:
 
 
 7
 Previous decisions in this case have described Walker's pleadings as containing "irrelevant statements", factual allegations that "by no stretch of the imagination" could survive summary judgment, and legal authority "that has no application to [ ]his claim." Previous decisions by this Court also noted that Walker's allegations were based on erroneous premises, "failed to set out any jurisdictional basis under which the Court may decide the claim," and neglected to "set forth precisely which conduct ... violated which federal statutory and constitutional protection." Claims contained in Walker's pleadings also "had absolutely no application" to his complaint, "failed to specifically state [a] factual basis," and were "refuted categorically by the plain language of the documents upon which he relie[d]."
 
 
 8
 This view is accurate. The record shows that Walker based his lawsuit on a number of facially spurious grounds and continued to refuse to further particularize or amend his complaint in the face of admonishments from SHA and the district court. Indeed, Walker's typical response to the court's directions to refine his complaint can only be described as a token effort. The history of this litigation can be further summarized as a total failure of Walker to do any investigation whatsoever into the relevant facts and law.
 
 
 9
 Against this background, it was not an abuse of discretion for the district court to conclude that Walker had indulged in the "prolonged maintenance of a frivolous suit," Blue, 914 F.2d at 537, and that a reasonable attorney in Walker's circumstances would not have thought that his actions were factually and legally justified. See Artco, 898 F.2d at 956.
 
 
 10
 We stress that this decision should not be misconstrued. Walker is not being further sanctioned for his egregious misconduct during discovery--the district court explicitly noted, and the record supports, that the sanction in this instance is wholly apart from the discovery sanction.[4] Nor is Walker being unfairly penalized for pursuing claims that this Court remanded--these remanded claims were dismissed because Walker failed to make any effort to rebut SHA's legitimate explanation for its actions, something he was put on early notice to do. See Blue, 914 F.2d at 536 (failure of Title VII plaintiff to rebut employer's justification is subject to Rule 11 sanctions).
 
 III
 
 11
 A separate, but related, issue is the propriety of the amount of the sanction. In its motion for sanctions, SHA requested $43,240.63 in attorney fees and costs. The district court imposed sanctions in the amount of $10,000.
 
 
 12
 Initially, it is clear "that Rule 11 should not blindly be used to shift fees." In re Kunstler, 914 F.2d 505, 522 (4th Cir.1990). Thus, the appropriate focus is not on "compensatory sanctions" but rather, "is to deter future litigation abuse." Id. However, opponents' costs and fees are an "appropriate factor" to consider, keeping in mind that " 'reasonable' attorney fees in the context of Rule 11 'does not necessarily mean actual expenses and attorney fees.' " Id. at 523. Factors to examine include: the reasonableness of the opposing party's attorney fees, the minimum needed to deter future litigation abuse, the ability of the offending party/counsel to pay the sanction, whether the offending party/counsel acted in bad faith, and the risk of chilling future meritorious litigation. Id. at 523-24. The district court should also take into account "equitable considerations" such as the experience of the offending party/counsel. Blue, 914 F.2d at 546; see also Kunstler, 914 F.2d at 524. However, in the final analysis, the district court should remember that "the amount of the sanction should always reflect the primary purpose of deterrence." Kunstler, 914 F.2d at 523 (emphasis added). Finally, the district court must be guided by the principle that "the least severe sanction adequate to serve the purpose should be imposed." Cabell, 810 F.2d at 466.
 
 
 13
 Under the preceding principles, we hold that the district court did not abuse its discretion in setting the amount of the sanction at $10,000. Initially, the district court made no explicit finding regarding the reasonableness of SHA's fees and costs, but we note that it acknowledged that SHA incurred "significant" expenditures and that the sanction imposed amounts to approximately 25% of SHA's request. Furthermore, Walker has the financial wherewithal to pay the sanction--the record shows that he makes a substantial income as the owner of a family pharmacy. Most importantly, it is clear that the district court was legitimately concerned with the serious problem of deterring Walker's frivolous efforts. Throughout this litigation the district court graciously accommodated Walker, and yet Walker, educated and legally trained, persisted in repetitive and spurious conduct. We recognize that the district court found that Walker did not litigate in bad faith. We also acknowledge that Walker is due some consideration because he is not an experienced attorney. See Blue, 914 F.2d at 546. Nonetheless, we agree with the district court that the need to deter Walker, who should know better, is manifest and warrants the sanction imposed.
 
 IV
 
 14
 Under Fed.R.App.P. 38, this Court can impose an appellate sanction for "frivolous" appeals. SHA contends that Walker's appeal of the sanctions award meets this standard. We disagree. While we agree with the district court's ultimate resolution of the difficult sanctions issue, we cannot hold that Walker's appeal of the imposition of sanctions is frivolous. Although the balance of factors clearly weighs against him, Walker's position is not without force. Therefore, we deny SHA's motion for appellate sanctions.
 
 
 15
 Accordingly, we affirm the imposition of sanctions in the amount of $10,000 and deny the motion for appellate sanctions, based on the foregoing discussion. We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 SHA sought sanction for expenses and costs expended in the district court and on appeal. The district court properly recognized that sanctions cannot be imposed by the district court for appellate proceedings. See Cooter & Gell v. Hartmarx Corp., 110 S.Ct. 2447 (1990)
 
 
 [2]
 Walker is not due the lenient treatment accorded pro se litigants. Walker has two undergraduate degrees (in zoology and pharmacy) and a law degree. While his conduct and pleadings would seem to belie these academic credentials, it is not unreasonable to hold him to the standard of an attorney. See Keese v. United States, 632 F.Supp. 85, 88-89 (S.D.Tex.1985) (tax preparer); Snyder v. IRS, 596 F.Supp. 240, 252 (N.D.Ind.1984) (tax protester); Heimbaugh v. City and County of San Francisco, 591 F.Supp. 1573, 1577 (N.D.Cal.1984) (law school graduate). Certainly, the policies underlying the Court's admonition to accord pro se litigants an understanding view of their pleadings and conduct do not have force in this context
 
 
 [3]
 While Rule 11 sanctions are proper to deter a continuous course of conduct, they must be directed at conduct that involves the signing of pleadings, motions, or other papers. Thus, Rule 11 sanctions cannot be imposed for failure to comply with court orders. Simpson, 900 F.2d at 36
 
 
 [4]
 Walker was assessed $3,240 in sanctions for his obstructive conduct during discovery