896 F.Supp. 561 (1995)
Samuel B. DAVIS, Jr., Plaintiff,
v.
Richard W. HUDGINS, McKinley Simmons, Howard D. Andleton, James M. Dixon, Timothy L. Dalton, James S. Ellenson, Clyde M. Weaver, Lawrence J. Redding, III, Robert D. Hicks, Randell C. Ogg, J.W. Hornsby, Jr., and Unknown Conspirator(s), Defendants.
Civ. A. No. 4:94cv163.
United States District Court, E.D. Virginia, Newport News Division.
August 2, 1995.
*562 *563 *564 *565 Samuel B. Davis, Jr., Newport News, VA, pro se.
Brian Nelson Casey, Taylor & Walker, P.C., Norfolk, VA, for defendant Richard W. Hudgins.
James S. Ellenson, Newport News, VA, for defendants McKinley Simmons and James S. Ellenson.
Richard J. Cromwell, McGuire, Woods, Battle & Boothe, Norfolk, VA, for defendants Howard C. Andleton and James M. Dixon.
Gregory E. Lucyk, Office of the Attorney General, Richmond, VA, for defendants Clyde M. Weaver and J.W. Hornsby, Jr.
Willard M. Robinson, Jr., Newport News, VA, for Lawrence J. Redding, III.
Robert D. Hicks, Gloucester, VA, pro se.
Robert E. Sarazen, Sherman, Meehan & Curtin, P.C., Washington, DC, for defendant Randell C. Ogg.

OPINION AND FINAL ORDER
REBECCA BEACH SMITH, District Judge.
This matter is before the Court on Defendants' Motions to Dismiss and Motions for Sanctions. For the reasons stated below, the Court GRANTS Defendants' Motions to Dismiss and Defendants' Motions for Sanctions.

I. Factual and Procedural History
Plaintiff Samuel B. Davis, Jr. brought this pro se action on October 27, 1994, alleging that Defendants violated the Racketeering Influenced and Corrupt Organizations Statute (RICO), 18 U.S.C. § 1961 et seq. On March 2, 1995, Plaintiff filed an Amended Complaint, which reasserted the RICO claims, and also alleged that Defendants violated his civil rights.
In Count One of the Amended Complaint, Plaintiff alleges that Defendants committed wire and mail fraud as part of a criminal enterprise in violation of RICO. In Count Two, Plaintiff alleges that Defendants conspired to conduct the activities of a criminal enterprise for the purpose of racketeering. In Count Three, Plaintiff alleges that Defendants Hudgins, Ellenson, Weaver, Redding, Hicks, Ogg and Hornsby "willfully conspired" to violate Plaintiff's civil rights in violation of Title 42, sections 1983, 1985, 1986 and 1988 of the United States Code.
Plaintiff lists specific acts with respect to each Defendant. Most of these acts relate to a lawsuit between Plaintiff and Defendant Simmons [the "Simmons litigation"] concerning ownership of and title to certain real estate. Defendant Redding first represented Plaintiff in the Simmons litigation, but was subsequently replaced as Plaintiff's counsel by Defendants Hicks and Ogg. Defendant Ellenson represented Defendant Simmons in the action. Initially, Defendant Weaver served as Commissioner in Chancery in the action, but Defendant Hornsby was subsequently substituted as Commissioner in Chancery.
Specifically, Plaintiff alleges that Defendant Simmons: 1) on three occasions between March 1, 1985 and October 16, 1986, submitted fraudulent loan applications to savings institutions and to Plaintiff; 2) committed perjury in a deposition taken on January 11, 1991 in connection with the Simmons litigation. Plaintiff alleges that Defendant Ellenson: 1) requested the Newport News Circuit Court to appoint Defendant Weaver as Commissioner in Chancery in the Simmons litigation, despite knowledge that a conflict of interest existed; 2) threatened to file suit against Plaintiff for discrimination; 3) threatened to file suit against Plaintiff for malpractice based on his representation of Defendant Simmons; 4) failed to correct the record after Defendant Simmons allegedly committed perjury. Plaintiff alleges that Defendant Weaver: 1) agreed to represent two individuals and gave them false information; and 2) agreed to act as Commissioner in Chancery in Defendant Simmons' suit against Plaintiff despite a conflict of interest. Plaintiff alleges that Defendant Redding attempted to obstruct Plaintiff from disclosing that Defendant Weaver had a conflict of interest in the Simmons litigation. Plaintiff alleges that Defendant Hicks advised Plaintiff that he should seek a lawyer not licensed in Virginia to act as counsel to Plaintiff in the Simmons litigation, and that Defendant Hicks agreed to act as local counsel. Plaintiff alleges that Defendant Ogg failed to introduce *566 evidence during a deposition and failed to pursue a charge of perjury against Defendant Simmons. Plaintiff alleges that Defendant Hornsby attempted to obtain the signature of Plaintiff's counsel on a settlement agreement to which Plaintiff had not agreed.
Plaintiff's allegations regarding the remaining Defendants do not appear to be related to either the Simmons litigation or to each other. Plaintiff alleges that Defendant Hudgins told Plaintiff that Defendant Simmons was owed $12,000.00, in an attempt to induce Plaintiff to provide additional financing to Defendant Simmons. Plaintiff alleges that Defendants Andleton and Dixon falsely advised two individuals that Defendant Simmons was insolvent, and failed to advise these individuals that they had dealings with Defendant Simmons. Finally, Plaintiff alleges that Defendant Dalton filed a Chapter 13 bankruptcy petition to defraud creditors, including Plaintiff.
Each of the Defendants has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and Plaintiff has filed memoranda in opposition. Additionally, Defendants Hudgins, Ogg, Ellenson, Simmons, Redding, and Hicks have filed motions for sanctions pursuant to Federal Rule of Civil Procedure 11, and Plaintiff has filed a memorandum in opposition.

II. Analysis

A. Motions to Dismiss

1. Standard of Review
In deciding a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept the facts pleaded by the plaintiff as true. The court should not dismiss the claim unless it appears to a certainty that the plaintiff can prove no facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); Bruce v. Riddle, 631 F.2d 272, 273-74 (4th Cir.1980). The court must accept the factual allegations in the complaint and must construe them in the light most favorable to the plaintiff. Martin Marietta Corp. v. International Telecommunications Satellite Org., 991 F.2d 94, 97 (4th Cir.1992). The court can only rely upon the allegations in the complaint and those documents attached as exhibits or incorporated by reference. Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985), cert. denied, 474 U.S. 1054, 106 S.Ct. 789, 88 L.Ed.2d 767 (1986).

2. RICO Claims
The Racketeering Influenced and Corrupt Organizations Statute, 18 U.S.C. § 1961 et. seq., prohibits two types of racketeering. Sections 1962(a) and 1962(b) prohibit the acquisition of legitimate businesses through racketeering activity, or through the use of proceeds from racketeering activities.[1] Section 1962(c) prohibits conducting the affairs of an enterprise engaged in racketeering activity.[2] Section 1962(d), the RICO conspiracy *567 statutes makes it illegal to conspire to violate sections 1962(a), (b), or (c).[3]
Section 1964 provides a private cause of action to "[a]ny person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964. A successful RICO plaintiff may recover treble damages, costs incurred in pursuing the suit, and attorney's fees. Id.

a. Section 1962(b)
Count One of Plaintiff's Amended Complaint alleges that Defendants have violated RICO section 1962(b). To state a cause of action under section 1962(b), Plaintiff must allege that Defendants, through a pattern of racketeering activity or collection of an unlawful debt, acquired an interest in or control of an enterprise. See 18 U.S.C. § 1962(b). Additionally, Plaintiff must allege a specific nexus between the control of a named enterprise and the alleged racketeering activity. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1411 (3d Cir.), cert. denied, 501 U.S. 1222, 111 S.Ct. 2839, 115 L.Ed.2d 1007 (1991). Plaintiff's complaint makes no such allegations. Plaintiff simply alleges that Defendants were engaged in a "pattern of racketeering," but fails to allege that Defendants acquired an interest in any sort of enterprise. Plaintiff therefore has failed to state a claim under 18 U.S.C. § 1962(b). Accordingly, the Court GRANTS Defendants' Motions to Dismiss Plaintiff's section 1962(b) claim.

b. Section 1962(d)
Count Two of Plaintiff's Amended Complaint alleges that Defendants conspired to violate sections 1962(b) and 1962(c), in violation of 18 U.S.C. § 1962(d).
As discussed above, Plaintiff has not alleged any facts indicating that Defendants acquired an interest in or control of an enterprise, in violation of section 1962(b). Likewise, Plaintiff has not alleged that Defendants entered into an agreement to acquire an interest in or control of an enterprise through a pattern of racketeering. Consequently, Plaintiff's claim that Defendants conspired to violate section 1962(b) also fails.
To prove a violation of section 1962(c), the plaintiff must demonstrate "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex, 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985) (footnote omitted). The Court finds that Plaintiff has not adequately alleged these four elements, or that Defendants entered into a conspiracy, the overall objective of which was to conduct an enterprise through a pattern of racketeering.

i. "conduct"
In Reves v. Ernst & Young, ___ U.S. ___, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993), the United States Supreme Court discussed the "conduct" element of section 1962(c) and determined that RICO requires a participant to have some role in the operation or management of the enterprise. Id. at ___, 113 S.Ct. at 1170. The Court stated that "RICO liability is not limited to those with a formal position in the enterprise, but some part in directing the enterprise's affairs is required." Id.; see also United States v. Grubb, 11 F.3d 426, 439 n. 24 (4th Cir.1993). Plaintiff provides no clear indication of which Defendants directed the activities of the alleged scheme. He has alleged that each Defendant committed specific acts in furtherance of the scheme, but none of the acts Plaintiff lists suggests that any Defendants held a management role in the purported scheme. Therefore, the Court finds that Plaintiff has failed to allege that Defendants engaged in the conduct necessary to impose liability under RICO.

*568 ii. "enterprise"

A RICO "enterprise" "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The Supreme Court has explained that a RICO enterprise is a "group of persons associated together for a common purpose of engaging in a course of conduct.... [It is] proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." United States v. Turkette, 452 U.S. 576, 583, 101 S.Ct. 2524, 2529, 69 L.Ed.2d 246 (1981).
Plaintiff's complaint is absolutely devoid of any indication that the Defendants constituted an "enterprise," or functioned "as a continuing unit." Plaintiff lists allegedly fraudulent acts committed by each Defendant, but fails to show how these acts were related. Plaintiff merely makes conclusory allegations that "[t]he multiple acts of racketeering activity ... were inter-related, part of a common and continuous pattern of fraudulent schemes, perpetrated for the same or similar purposes" and that Defendants "knowingly controlled the `enterprise' through a pattern of racketeering activity." "Conclusory allegations that disparate parties were associated in fact ... are insufficient to sustain a RICO claim, absent allegations as to how the members were associated together in an `enterprise.'" First Nationwide Bank v. Gelt Funding Corp., 820 F.Supp. 89, 98 (S.D.N.Y. 1993), aff'd, 27 F.3d 763 (2d Cir.1994), cert. denied, ___ U.S. ___, 115 S.Ct. 728, 130 L.Ed.2d 632 (1995). Thus, Plaintiff has failed to adequately allege that Defendants constituted an "enterprise" for purposes of section 1962.

iii. "pattern" of racketeering activity
The RICO statute defines "racketeering activity" to include any act indictable under certain provisions of the federal criminal code, such as mail fraud, see 18 U.S.C. § 1341, wire fraud, see 18 U.S.C. § 1343, financial institution fraud, see 18 U.S.C. § 1344, and obstruction of justice, see 18 U.S.C. § 1503. See 18 U.S.C. § 1961(1). A "pattern of racketeering activity" is defined as at least two acts of racketeering activity within ten years of each other. Id. § 1961(5); see also International Data Bank, Ltd. v. Zepkin, 812 F.2d 149, 151 (4th Cir.1987) (stating that the plaintiff must allege at least two predicate acts to bring a RICO claim).
In Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), the United States Supreme Court considered the "pattern of racketeering activity" requirement. The Court noted that the statute "requires" two acts of racketeering activity, "not that it `means' two such acts. The implication is that while two acts are necessary, they may not be sufficient." Id. at 496 n. 14, 105 S.Ct. at 3285 n. 14. In determining whether predicate acts constitute a pattern under RICO, the United States Court of Appeals for the Fourth Circuit has stated that "we have deliberately declined to adopt any mechanical rules to determine the existence of a RICO pattern, holding instead that the issue is a `matter of criminal dimension and degree' to be decided on a case-by-case basis." Brandenburg v. Seidel, 859 F.2d 1179, 1185 (4th Cir.1988) (quoting Zepkin, 812 F.2d at 155). The court may consider a number of factors: "the number and variety of predicate acts and the length of time over which they were committed, the number of putative victims, the presence of separate schemes, and the potential for multiple distinct injuries." Id.; see also HMK Corp. v. Walsey, 828 F.2d 1071, 1075 (4th Cir.1987), cert. denied, 484 U.S. 1009, 108 S.Ct. 706, 98 L.Ed.2d 657 (1988) (holding no pattern existed where span of predicate acts was caused by the nature of the process). Additionally, to constitute a pattern under the RICO statutes, the predicate acts must reflect "relationship" and "continuity." Sedima, 473 U.S. at 496 n. 14, 105 S.Ct. at 3285 n. 14; Brandenburg, 859 F.2d at 1185.
The Court finds that Plaintiff has failed to demonstrate a "pattern of racketeering activity" sufficient to make a prima facie case under the RICO statutes. Plaintiff's Amended Complaint states a series of actions by each Defendant, but fails to demonstrate any link between the Defendants' actions. At best, Plaintiff describes actions that may constitute *569 distinct and separate illegal acts, but Plaintiff presents no evidence that these actions were part of an overall illegal scheme sanctionable under RICO. Plaintiff has attempted to advance multiple unrelated acts by multiple defendants and weave them into a common scheme that constitutes a pattern of racketeering activity. However, the lack of any clear and distinct relationship between the alleged acts defeats a component necessary for liability under RICO, specifically that the acts were related to one another and formed the basis of a pattern of racketeering activity.
In conclusion, Plaintiff's complaint fails to allege the essential elements of a section 1962(c) RICO claim. Furthermore, Plaintiff's complaint does not adequately allege that Defendants entered into a conspiracy to violate section 1962(c). Hence, Plaintiff cannot establish that Defendants conspired to violate 1962(c). As discussed above,[4] Plaintiff has also failed to allege that Defendants conspired to violate section 1962(b). Accordingly, Defendants' Motions to Dismiss are GRANTED with respect to Plaintiff's RICO conspiracy claims.

3. Civil Rights Claims
In his Amended Complaint, Plaintiff alleges that Defendants Hudgins, Ellenson, Weaver, Redding, Hicks, Ogg and Hornsby "willfully conspired to use their offices as officers of the courts of the State of Virginia" to violate Plaintiff's civil rights in violation of 42 U.S.C. §§ 1983, 1985, 1986 and 1988. Am. Compl. at 15-16. Plaintiff does not state specifically how Defendants acted in violation of his civil rights.

a. 42 U.S.C. § 1983
42 U.S.C. § 1983 provides a cause of action for the deprivation of a right secured by the United States Constitution or other law of the United States by a person acting under color of state law. Id. The United States Supreme Court has stated:
The terms of § 1983 make plain two elements that are necessary for recovery. First, the plaintiff must prove that the defendant has deprived him of a right secured by the "Constitution and laws" of the United States. Second, the plaintiff must show that the defendant deprived him of this constitutional right "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." This second element requires that the plaintiff show that the defendant acted "under color of law."
Adickes v. S.H. Kress & Co., 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970) (footnote omitted); see also Lee v. Patel, 564 F.Supp. 755, 757 (E.D.Va.1983). Section 1983 was enacted to override certain kinds of state laws, to provide a remedy where state law was inadequate, to provide a federal remedy where a state remedy, though adequate in theory, was not available in practice, and to provide a remedy in federal courts supplementary to any state remedy. Monroe v. Pape, 365 U.S. 167, 173-82, 81 S.Ct. 473, 476-81, 5 L.Ed.2d 492 (1961), overruled in part by Monell v. Department of Social Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "Although a private person may cause a deprivation of such a right, he may be subjected to liability under § 1983 only when he does so under color of law." Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978). A person acts under color of state law "only when exercising `power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Polk County v. Dodson, 454 U.S. 312, 317-18, 102 S.Ct. 445, 449, 70 L.Ed.2d 509 (1981) (quoting United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941)); see also Calvert v. Sharp, 748 F.2d 861, 862 (4th Cir.1984), cert. denied, 471 U.S. 1132, 105 S.Ct. 2667, 86 L.Ed.2d 283 (1985).
Defendants Hudgins, Simmons, Andleton, Dixon, Dalton, Ellenson, Hicks and Ogg are all private citizens, and Plaintiff has presented no evidence that any of these Defendants were acting under the authority of state law when the alleged violations occurred. Conduct by a private entity may constitute "state action" in three types of *570 situations. Haavistola v. Community Fire Co., 6 F.3d 211, 215 (4th Cir.1993). The first situation occurs when "there is a sufficiently close nexus between the state and the challenged action of the regulated entity such that those actions may be fairly treated as those of the state." Id. (quoting Alcena v. Raine, 692 F.Supp. 261, 266 (S.D.N.Y.1988)). The second situation occurs when the state has regulated an entity to such an extent that the action "must in law be deemed to be that of the state." Id. The third situation occurs when a private entity exercises powers traditionally exclusive to the state. Id. Clearly, none of these three situations apply to Defendants Hudgins, Simmons, Andleton, Dixon, Dalton, Ellenson, Weaver, Hicks and Ogg.
Defendants Weaver and Hornsby were appointed Commissioners in Chancery in the Simmons litigation pursuant to Virginia Code Section 8.01-607.[5] Although they were acting "under color of state law," the Court finds that Defendants Weaver and Hornsby are protected from suit by the doctrine of judicial immunity.
The Supreme Court has applied a functional approach to judicial immunity cases. Cleavinger v. Saxner, 474 U.S. 193, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985). Thus, judicial immunity applies not only to judges, but also extends to those "who perform functions closely associated with the judicial process." Cleavinger, 474 U.S. at 200, 106 S.Ct. at 500. Other courts, applying this functional approach, have held that commissioners, guardians ad litem and other individuals appointed by the court to perform quasi-judicial functions are entitled to judicial immunity. See, e.g., Cok v. Cosentino, 876 F.2d 1 (1st Cir.1989) (guardian ad litem who prepared custody recommendation and commissioner who managed and sold real estate in divorce proceedings were entitled to immunity); Dorman v. Higgins, 821 F.2d 133 (2d Cir. 1987) (federal probation officers, appointed by the district court, act as arm of the court in preparing presentence reports, and are entitled to absolute immunity for this function); Ashbrook v. Hoffman, 617 F.2d 474 (7th Cir.1980) (sale commissioners appointed in divorce proceeding were arm of the court, and therefore entitled to absolute immunity).
Plaintiff alleges that Defendant Weaver accepted appointment as Commissioner in Chancery in the Simmons litigation, despite having counselled Jerome and Wanda Gillis, witness in the case, two years earlier. Plaintiff alleges that Defendant Hornsby presented an order to Plaintiff's attorney for endorsement, and falsely advised Plaintiff's attorney that Plaintiff had approved the order. Assuming that these events occurred, the Court finds that Defendants Weaver and Hornsby were acting within the scope of their quasi-judicial roles, and are therefore immune from suit.
Because Defendants Hudgins, Simmons, Andleton, Dixon, Dalton, Ellenson, Hicks and Ogg are not state actors, and because Defendants Weaver and Hornsby are immune from suit, the Court GRANTS Defendants' Motions to Dismiss Plaintiff's section 1983 claims.

b. 42 U.S.C. § 1985
Under 42 U.S.C. § 1985, a cause of action exists where two or more persons conspire to interfere with an individual's civil rights. To state a cause of action under section 1985(2), which deals with obstructing justice or intimidating parties, witnesses or jurors, "a litigant must demonstrate some interference with `the course of justice in state courts.'" Roper v. County of Chesterfield, 807 F.Supp. 1221, 1226 (E.D.Va.1992) (quoting Kush v. Rutledge, 460 U.S. 719, 725, 103 S.Ct. 1483, 1487, 75 L.Ed.2d 413 (1983)). Section 1985(3), which concerns the denial of equal protection under the law, requires a plaintiff to prove: "(1) [a] conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus, to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act *571 committed by the defendants in connection with the conspiracy." Buschi v. Kirven, 775 F.2d 1240, 1257 (4th Cir.1985); see also Griffin v. Breckenridge, 403 U.S. 88, 102-03, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971).
The Fourth Circuit has stated that "the law is well settled that to prove a section 1985 `conspiracy,' a claimant must show an agreement or a `meeting of the minds' by defendants to violate the claimant's constitutional rights." Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir.1995). Because of the high threshold that a Plaintiff must meet to establish a prima facie case under section 1985, courts often grant motions of dismissal. Id. ("This Court ... has rarely, if ever, found that a plaintiff has set forth sufficient facts to establish a section 1985 conspiracy, such that the claim can withstand a summary judgment motion. Indeed, we have specifically rejected 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts.").
In support of his section 1985(2) claim, Plaintiff has made general conclusory allegations that Defendants conspired to interfere with the state court proceedings, but has failed to provide specific evidence of such a conspiracy. With respect to his section 1985(3) claim, Plaintiff has failed to demonstrate any "specific class-based, invidiously discriminatory animus" on the part of Defendants or any specific acts caused by the alleged conspiracy that injured Plaintiff. Plaintiff has further failed to show any "meeting of the minds" by Defendants to violate the Plaintiff's constitutional rights. Because Plaintiff has only put forward broad allegations that do not indicate any actual violation of Plaintiff's civil rights, nor the existence of any conspiracy, the Court GRANTS Defendants' motions to dismiss Plaintiff's section 1985 claims.

c. 42 U.S.C. § 1986
42 U.S.C. § 1986 provides a cause of action against any party with knowledge of a conspiracy in violation of section 1985 who fails to take action prevent the violation. A cause of action under section 1986 is dependent upon the existence of a claim under section 1985. Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir.1985). "It is well settled that a claim under [section 1986] derives from a Section 1985 claim, and failure on the Section 1985 claim also defeats the Section 1986 claim." Burcher v. McCauley, 871 F.Supp. 864, 869 n. 4 (E.D.Va.1994); see also Trerice, 755 F.2d at 1085.
Plaintiff has failed to allege facts sufficient to support a cause of action pursuant to section 1985. Because a claim under section 1986 derives from section 1985, see Trerice, 755 F.2d at 1085, the failure of a claim under section 1985 defeats a section 1986 claim. See Burcher, 871 F.Supp. at 869 n. 4. Accordingly, the Court GRANTS Defendants' motions to dismiss Plaintiff's section 1986 claims.

d. 42 U.S.C. § 1988
42 U.S.C. § 1988 provides for the award of attorney's fees in a civil rights action.[6] To receive attorney's fees under section 1988, a plaintiff must be a "prevailing party." Farrar v. Hobby, 506 U.S. 103, ____, 113 S.Ct. 566, 572, 121 L.Ed.2d 494 (1992). The Supreme Court has stated that "to qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim." Id. at ___, 113 S.Ct. at 573; see also Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1359 (4th Cir.1995).
Plaintiff has made unsubstantiated allegations under sections 1983, 1985 and 1986 that Defendants violated his civil rights. An examination of his claims demonstrates that Plaintiff could not prevail on such a cause of action. Because Plaintiff must qualify as a "prevailing party" for the award of attorney's fees pursuant to section 1988, see Farrar, 506 U.S. at ___, 113 S.Ct. at 572, the denial of Plaintiff's cause of action under *572 sections 1983, 1985 and 1986 defeats his cause of action under section 1988. The Court therefore GRANTS Defendants' motions to dismiss Plaintiff's claims under section 1988.

4. Unknown Conspirators
Plaintiff has listed "Unknown Conspirators" as defendants in this action. Plaintiff has not identified the unknown conspirators, and therefore these defendants have not been served.
Even though the identity of these unknown parties has never been determined, Plaintiff has not alleged any claims against these defendants, and an attempt to obtain personal jurisdiction over the unknown conspirators would serve no purpose. Therefore, the unknown conspirators are DISMISSED from this action.

B. Motions for Sanctions
Defendants Hicks, Ogg, Redding, Simmons, Ellenson and Hudgins have properly moved the Court to sanction Plaintiff's conduct pursuant to Rule 11(c)(1)(A), and have provided Plaintiff with notice to respond or withdraw the allegations. On May 8, 1995, Plaintiff filed a reply brief to Defendants' motions in which he attempted to explain the basis of his complaint.
Federal Rule of Civil Procedure 11 governs the representations made by counsel to a court. The rule states:
By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, the attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, 
(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.
Fed.R.Civ.P. 11(b).[7] Rule 11 provides for sanctions by the court if the court determines that the rule has been violated "after notice and a reasonable opportunity to respond." Fed.R.Civ.P. 11(c).[8]
*573 An inquiry into a party's conduct under Rule 11 is guided by an objective standard of reasonableness under the circumstances rather than an assessment of the party's subjective intent. Stevens v. Lawyers Mut. Liab. Ins. Co., 789 F.2d 1056, 1060 (4th Cir.1986). "[T]he inquiry focuses on whether a reasonable attorney in like circumstances could believe his actions to be factually and legally justified." Cabell v. Petty, 810 F.2d 463, 466 (4th Cir.1987); see also Artco Corp. v. Lynnhaven Dry Storage Marina, Inc., 898 F.2d 953, 956 (4th Cir.1990). As the Fourth Circuit has noted, "Rule 11 does not prohibit merely intentional misconduct. Inexperience, incompetence, willfulness or deliberate choice may all contribute to a violation." Cabell, 810 F.2d at 466.
Rule 11 requires an unrepresented party or a represented party's attorney to conduct a prefiling investigation of the legal and factual basis for his claims. Brubaker v. City of Richmond, 943 F.2d 1363, 1373 (4th Cir.1991); Harmon v. O'Keefe, 149 F.R.D. 114, 116 (E.D.Va.1993). For a complaint to be reasonable, the factual investigation must have uncovered "some information to support the allegations in the complaint." Brubaker, 943 F.2d at 1363. A party violates the requirement that pleadings be well-grounded in law if the complaint "has `absolutely no chance of success under the existing precedent.'" Id. (quoting Cleveland Demolition Co. v. Azcon Scrap Corp., 827 F.2d 984, 987 (4th Cir.1987)). If the actions of an attorney or party fail to meet standards of Rule 11, an award of sanctions is mandatory under the rule. Id.; Artco Corp., 898 F.2d at 956.
As to Plaintiff's RICO claims, Plaintiff falls far short of stating a prima facie case under the RICO statutes and case law. Although Plaintiff's claims reference the proper legal criteria under RICO, Plaintiff has presented no factual basis for the claims. The facts as alleged by Plaintiff do not support any "pattern of racketeering activity," or the existence of an "enterprise," both of which are essential elements of a RICO claim. Plaintiff's complaint therefore violates the requirement that a complaint be well-grounded in fact. In re Kunstler, 914 F.2d 505 (4th Cir.1990), cert. denied, 499 U.S. 969, 111 S.Ct. 1607, 113 L.Ed.2d 669 (1991).
With respect to Plaintiff's civil rights claims, the Court finds that Plaintiff has failed to conduct a reasonable investigation of either fact or law. Plaintiff has made broad allegations in his amended complaint that Defendants conspired to violate his civil rights in violation of 42 U.S.C. §§ 1983, 1985, 1986 and 1988. In support of these claims Plaintiff offers no factual basis to demonstrate the acts constituting the conspiracy, the acts that violated Plaintiff's civil rights, or the resulting injury to Plaintiff. Plaintiff has merely intoned the civil rights statutes without providing any factual basis whatsoever on which to find a violation of his civil rights.
Furthermore, Plaintiff is an attorney and had the means to research the legal basis of his claim. Even a cursory look into the requirements of the civil rights statutes would have revealed that Defendants were not amenable to suit under section 1983. Plaintiff's section 1983 claims therefore violate the requirement that a party investigate the legal basis of his claims.
The Court finds that Plaintiff has acted in violation of Rule 11 through his representations to the Court, and that sanctions are therefore appropriate. Rule 11 states a number of sanctions that a court may consider when it finds a violation. The rule states:
A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other *574 expenses incurred as a direct result of the violation.
Fed.R.Civ.P. 11(c)(2). The Fourth Circuit has provided four factors for the district court to consider in determining an appropriate sanction: (1) the reasonableness of the opposing party's attorney's fees; (2) the minimum sanction needed to deter future frivolous filings; (3) the party's ability to pay; and (4) the severity of the party's Rule 11 violation. In re Kunstler, 914 F.2d 505, 523 (4th Cir.1990), cert. denied, 499 U.S. 969, 111 S.Ct. 1607, 113 L.Ed.2d 669 (1991).
In order for the Court to determine an appropriate sanction for Plaintiff's Rule 11 violations, the Court ORDERS Defendants Hicks, Ogg, Redding, Simmons, Ellenson and Hudgins to submit an itemized statement of their attorney's fees and costs within twenty (20) days of the date of this Order. Plaintiff will then be given an opportunity to respond.

III. Conclusion
The Court finds that Plaintiff has failed to state a claim against any of the Defendants under either RICO or the civil rights statutes. Therefore, the Court GRANTS Defendants' Motions to Dismiss. The Court also DISMISSES "Unknown Conspirators" as Defendants in this action.
With respect to Defendants' Motions for Sanctions, the Court finds that sanctions are warranted in this case, and will determine an appropriate sanction after consideration of Defendants' submissions and Plaintiff's response.
Plaintiff is ADVISED that he may appeal from this final order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within thirty (30) days from the date of this order.
The Clerk is DIRECTED to send a copy of this Opinion and Final Order to Plaintiff and all counsel of record.
It is so ORDERED.
NOTES
[1] Sections 1962(a) & (b) state:

(a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. A purchase of securities on the open market for purposes of investment, and without the intention of controlling or participating in the control of the issuer, or of assisting another to do so, shall not be unlawful under this subsection if the securities of the issuer held by the purchaser, the members of his immediate family, and his or their accomplices in any pattern or [sic] racketeering activity or the collection of an unlawful debt after such purchase do not amount in the aggregate to one percent of the outstanding securities of any one class, and do not confer, either in law or in fact, the power to elect one or more directors of the issuer.
(b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.
18 U.S.C. § 1962(a) & (b).
[2] Section 1962(c) states:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
18 U.S.C. § 1962(c).
[3] Section 1962(d) states that, "It shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section." 18 U.S.C. § 1962(d).
[4] See supra at 567.
[5] Section 8.01-607 of the Virginia Code provides that circuit courts may, "from time to time, appoint such commissioners in chancery as may be deemed necessary for the convenient dispatch of the business of such court." Va.Code Ann. § 8.01-607 (Michie 1992).
[6] The section states that "[i]n any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of [Title 42] ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988.
[7] Federal Rule of Civil Procedure 11 was amended in 1993 to emphasize the obligation of attorneys and pro se litigants to conform with practice pursuant to Federal Rule of Civil Procedure 1 and to restrict the imposition of sanctions. The commentary to the 1993 amendments state:

The revision in part expands the responsibilities of litigants to the court, while providing greater constraints and flexibility in dealing with infractions of the rule. The rule continues to require litigants to "stop-and-think" before initially making legal or factual contentions. It also, however, emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable and by generally providing protection against sanctions if they withdraw or correct contentions after a potential violation is called to their attention.
Fed.R.Civ.P. 11 advisory committee's note. The comment also states:
[U]nder unusual circumstances, particularly for (b)(1) violations, deterrence may be ineffective unless the sanction not only requires the person violating the rule to make a monetary payment, but also directs that some or all of this payment be made to those injured by the violation. Accordingly, the rule authorizes the court, if requested in a motion and if so warranted, to award attorney's fees to another party. Any such award to another party, however, should not exceed the expenses and attorneys' fees for the services directly and unavoidably caused by the violation of the certification requirement.
Id.
[8] In the present action, Defendants Ogg, Hicks, Redding, Simmons, Ellenson and Hudgins have filed motions for sanctions pursuant to Rule 11. Defendant Ogg filed on April 12, 1995, Defendant Hicks filed on April 13, 1995, Defendant Redding filed on April 26, 1995, Defendants Simmons and Ellenson filed on May 3, 1995 and Defendant Hudgins filed on May 10, 1995. On May 8, 1995, Plaintiff filed a motion in response to Defendants' motions for sanctions. See discussion infra.