Rodney D. BALL, Sr.; Harless V. Belcher; Junior F. Billings; Lynn S. Combs; Ronald J. Davis; Theodore H. Harris; Jerry W. Holmes; Eddie D. Kirk; Larry E. Oliver; Gerald H. Proffitt; Donald R. Rolen; Frank E. Roop, Jr.; Jessie F. Stamper; Roger L. Taylor; Horace G. White, Jr.; Johnnie Williams; Robert E. Thompson; Geneva A. Thompson; William R. Levitt; Shirley Levitt, Plaintiffs–Appellants,

v.

JOY TECHNOLOGIES, INCORPORATED, Formerly Joy Manufacturing Company, a Pennsylvania Corporation, Defendant–Appellee.

No. 90–1537.

United States Court of Appeals, Fourth Circuit.

Argued May 8, 1991.

Decided Aug. 5, 1991.

Amended by order filed Feb. 12, 1992.

granted Joy's motion for summary judgment finding that the plaintiffs had not sustained any physical injury from their exposure to toxic chemicals and having suffered no physical injury, the common law of West Virginia and Virginia would not allow them to recover damages for emotional distress or the costs of medical surveillance. The plaintiffs appealed. Finding no error in the granting of summary judgment in favor of Joy Technologies, we affirm.

### I.

The defendant Joy Technologies, Inc. (hereinafter "defendant" or "Joy") began to manufacture and sell mining equipment in 1965. The mining equipment manufactured by Joy contained electric motors that used polychlorinated biphenyls (hereinafter "PCBs") as a coolant. In December of 1968, Joy purchased the Hart Electric building in Bluefield, West Virginia. Joy utilized the facility in Bluefield to repair and rebuild the motors used in the mining equipment it manufactured. The defendant used a vapor degreaser on the motors that contained trichloroethylene (hereinafter "TCE").

In 1975, Joy began construction on a new facility in Bluefield, Virginia. Joy transferred its manufacturing and repair operations to the new plant in 1988. Joy utilized a new vapor degreaser that contained 1,1,1 trichloromethane at the Bluefield, Virginia facility. The teardown and cleaning of motors continued at the Bluefield, West Virginia plant until September 1980. Joy's Bluefield, West Virginia facility was subsequently sold to Elwin Aliff.

The Bluefield, West Virginia plant was tested for PCB contamination in October, 1985. In January, 1986, the Environmental Protection Agency (hereinafter "EPA") conducted an inspection of the West Virginia site. On February 20, 1986, the EPA issued a Superfund Cleanup order to Elwin Aliff and Lin–Elco Corporation of which Aliff was president. Aliff retained Remcor, Inc. to conduct a clean-up of the site. The clean-up effort generated publicity re-

James Anthony McKowen, Hunt & Wilson, Charleston, W.Va., argued, for plaintiffs-appellants.

Dennis Charles Sauter, Jackson & Kelly, Charleston, W.Va., argued (Robert L. Stewart, Jr., on brief), for defendant-appellee.

Before WILKINSON, Circuit Judge, CHAPMAN, Senior Circuit Judge, and HILTON, District Judge for the Eastern District of Virginia, sitting by designation.

### OPINION

HILTON, District Judge:

The plaintiffs in this consolidated action are eighteen former employees of the defendant Joy Technologies, Inc. and two spouses of former employees. The plaintiffs allege that while employed at the defendant's corporate facilities in Bluefield, West Virginia, and Bluefield, Virginia, they were wrongfully exposed to and absorbed various toxic chemicals. The district court

vealing that Joy employees had been exposed to toxic chemicals.

On March 17, 1987, sixteen former employees of Joy filed suit in the United States District Court for the Southern District of West Virginia (*Ball, et al. v. Joy Manufacturing Company*, Civil Action No. 1:87–0268). The *Ball* case was consolidated by court order on August 10, 1989, with *Thompson v. Joy Technologies, Inc.*, Civil Action No. 1:88–0133, and *Levitt v. Joy Technologies, Inc.*, Civil Action No. 1:88–1691. (The consolidated action included twenty plaintiffs, eighteen of whom were former employees of Joy at either the Bluefield, West Virginia, or Bluefield, Virginia site, while the other two plaintiffs were spouses of former employees.) The plaintiffs alleged that while employed at Joy's corporate facilities in Bluefield, West Virginia, and Bluefield, Virginia, they were wrongfully exposed to and absorbed various toxic chemicals including PCBs, dioxins, furans, TCE, and 1,1,1 trichloromethane. Plaintiffs claimed that their exposure to such toxic chemicals constituted a physical injury and sought to recover damages for their resultant emotional distress and for the costs of medical surveillance allegedly necessitated by their exposure.

On September 18, 1990, the district court granted summary judgment for the defendant Joy Technologies, 755 F.Supp. 1344. The district court found that the plaintiffs claimed their exposure to toxic chemicals was an injury in and of itself and that none of the plaintiffs alleged that they sustained any physical injuries apart from their exposure. The district court concluded that the mere exposure to toxic chemicals did not constitute a physical injury. Having suffered no physical injury, the district court ruled that the common law of West Virginia and Virginia would not allow the plaintiffs to recover damages for emotional distress or the costs of medical surveillance.

## II.

■ The plaintiffs claim that their exposure to toxic chemicals and the increased risk of developing cancer and other diseases resulting from such exposure constituted an injury that would entitle them to recover damages for emotional distress. The plaintiffs contend on appeal that the district court erred in holding that damages for emotional distress could not be recovered.

■ Courts in West Virginia and Virginia have recognized that damages for emotional distress may be recovered in three specific instances: (1) where the emotional disturbance results from an actual physical injury caused by the impact or occurrence of the tort; (2) where there is no initial impact or injury but physical injury thereafter results as the causal effect of the defendant's wrong; and (3) where there is no impact or physical injury but emotional disturbance results from an intentional or wanton wrongful act caused by the defendant. *Monteleone v. Cooperative Transit Co.*, 128 W.Va. 340, 36 S.E.2d 475, 478 (1945); *Hughes v. Moore*, 214 Va. 27, 197 S.E.2d 214, 219 (1973). Except for the intentional infliction of emotional distress, damages for emotional distress may not be recovered under West Virginia or Virginia law absent a finding of physical injury. *Monteleone*, 36 S.E.2d at 478; *Hughes*, 197 S.E.2d at 219.

The mere exposure of the plaintiffs to toxic chemicals does not provide the requisite physical injury to entitle the plaintiffs to recover for their emotional distress. Numerous courts have held that exposure to hazardous substances does not constitute a physical injury. *See Adams v. Johns–Manville Sales Corp.*, 783 F.2d 589, 593 (5th Cir.1986) (rejecting plaintiff's claim for mental distress damages under Louisiana law because he failed to establish that he sustained an injury from his exposure to asbestos products); *Plummer v. Abbott Laboratories*, 568 F.Supp. 920 (D.R.I.1983) (finding that plaintiffs' ingestion of diethylstilbestrol that allegedly increased the risk of contracting cancer did not *per se* constitute a physical injury under Rhode Island law); *Sypert v. United States*, 559 F.Supp. 546 (D.D.C.1983) (concluding that because the plaintiff had suffered no physical injury from his exposure to tubercle bacilli, he could not recover

mental distress damages under Virginia law); *Eagle–Picher Industries, Inc. v. Cox,* 481 So.2d 517 (Fla.Dist.Ct.App.1985) (holding that Florida law did not recognize inhalation of asbestos as a physical injury); *Payton v. Abbott Laboratories,* 386 Mass. 540, 437 N.E.2d 171 (1982) (plaintiff's in utero exposure to diethylstilbestrol was not a physical injury or harm under Massachusetts law).

Plaintiff urges this court to expand the law of torts in West Virginia and Virginia and recognize exposure to toxic substances as a physical injury. The *Erie* doctrine permits federal courts "to rule upon state law as it presently exists and not to surmise or suggest its expansion." *Washington v. Union Carbide Corp.,* 870 F.2d 957, 962 (4th Cir.1989). Because the law of West Virginia and Virginia requires physical injury before a plaintiff may recover damages for emotional distress, the district court was correct in concluding that the exposure of the plaintiffs to toxic chemicals did not constitute an injury that would entitle them to recover damages for emotional distress.

### III.

The plaintiffs also claim that the district court erred in holding the costs of medical surveillance could not be recovered. In their claim for medical surveillance costs, plaintiffs seek to recover the costs of periodic medical examinations designed to monitor their health and facilitate early detection of disease caused by their exposure to toxic chemicals.

A claim for medical surveillance costs is simply a claim for future damages. Plaintiff correctly points out that the law of West Virginia allows the recovery of the reasonable value of future medical expenses necessitated by the defendant's wrong. *See, e.g., Jordan v. Bero,* 158 W.Va. 28, 210 S.E.2d 618, 637 (1974). However, such relief is only available where a plaintiff has sustained a physical injury that was proximately caused by the defendant. *Jordan,* 210 S.E.2d at 637; *Long v. City of Weirton,* 158 W.Va. 741, 214 S.E.2d 832, 860 (1975); *accord Hailes v. Gonzales,*

207 Va. 612, 151 S.E.2d 388, 390 (1966). Plaintiffs have not demonstrated that they are suffering from a present, physical injury that would entitle them to recover medical surveillance costs under West Virginia or Virginia law.

Plaintiffs have proffered several public policy arguments for allowing individuals to recover the costs of medical monitoring where there has been no manifestation of physical injury. We agree with the district court that such considerations are better left to the respective legislatures and highest courts of West Virginia and Virginia.

For the foregoing reasons, the disposition of the case below is

AFFIRMED.