Chris **CONTRERAS**, Plaintiff,

v.

**THOR NORFOLK HOTEL, L.L.C.** Defendant.

No. CIV.A. 2:03CV452.

United States District Court, E.D. Virginia, Norfolk Division.

Oct. 28, 2003.

Jesse Marden Suit, III, Kalfus & Nachman, Norfolk, VA, for Plaintiff.

Mary Elizabeth Skora Davis, Spotts Fain Chappell & Anderson PC, Maurice Francis Mullins, Spotts Fain Chappell & Anderson PC, Joseph Thomas O'Brien, Jr., Spotts Fain Chappell & Anderson PC, Henry N. Ware, Jr., Spotts Fain Chappell & Anderson PC, Richmond, VA, for Defendant.

## OPINION AND ORDER

DOUMAR, District Judge.

Presently before the Court is Defendant's Motion to Dismiss. For the reasons set forth herein, the Court denies Plaintiff's request for a hearing and GRANTS Defendant's Motion to Dismiss.

### I. Factual and Procedural Background

Plaintiff Chris Contreras ("Plaintiff") filed suit against Defendant Thor Norfolk Hotel, LLC ("Defendant") in the Circuit Court for the City of Norfolk on or about May 19, 2003, and served Defendant on May 27, 2003. In his Motion for Judgment, Plaintiff alleged that he was wrongfully exposed to asbestos dust and fibers while working with others to renovate the Doubletree Hotel located in Norfolk, Virginia (the "Hotel"). Plaintiff alleged that Defendant (the owner of the Hotel) hired Innternational Hospitality Services, Inc.

("Contractor") to perform renovation work at the Hotel, and Contractor subcontracted a portion of its work to East Coast Remodeling, LLC ("Subcontractor"), who was Plaintiff's employer. According to the Motion for Judgment, Defendant negligently and intentionally withheld information concerning the presence of asbestos from the Contractor and Subcontractor; and by extension, withheld the information from Plaintiff and other construction workers.

Plaintiff's Motion for Judgment included counts for: (1) negligence; (2) willful or wanton conduct, (3) fraud, (4) battery, (5) negligent infliction of emotional distress, and (6) intentional infliction of emotional distress; it further alleged that Plaintiff has suffered both physical and psychological harm.

Defendant filed a Notice of Removal on June 25, 2003, on the basis of diversity jurisdiction. Plaintiff filed a Motion to Remand on July 18, 2003. This Court denied Plaintiff's Motion to Remand on September 12, 2003.

Defendant filed a Motion to Dismiss on July 1, 2003. Plaintiff filed his Amended Complaint on October 7, 2003,[1] and a Memorandum in Opposition to Defendant's Motion to Dismiss on October 8, 2003. Defendant filed its Reply on October 20, 2003. Thus, the matter is now ripe for judicial determination.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to move the court to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. The function of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. *Neitzke v. Williams*, 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). When considering a motion made pursuant to Rule 12(b)(6), the court is generally limited to a review of the pleadings filed in the case. Exhibits attached to the pleadings are considered a part of the complaint. Fed. R.Civ.P. 10(c).

The Court of Appeals for the Fourth Circuit has held that a motion to dismiss under Rule 12(b)(6) should only be granted in "very limited circumstances." *Rogers v. Jefferson–Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir.1989). However, dismissal is appropriate if it appears that the plaintiff is not "entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Harrison v. United States Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir.1988) (citation omitted); *Davis v. Hudgins*, 896 F.Supp. 561, 566 (E.D.Va. 1995) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir.1991). When reviewing the legal sufficiency of a complaint, the Court must construe the factual allegations "in the light most favorable to plaintiff." *Schatz*, 943 F.2d at 489 (quotation omitted); *Davis*, 896 F.Supp. at 566 (citing *Martin Marietta Corp. v. Int'l Telecomm. Satellite Org.*, 991 F.2d 94, 97 (4th Cir.1992)).

---

1. Although Plaintiff filed his Amended Complaint after Defendant's Motion to Dismiss was filed, a pending motion to dismiss may be deemed against the amended complaint if the fatal defects remain. 6 Charles A. Wright et al., *Federal Practice and Procedure* § 1476 at 558 (2d ed.1990) ("defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading."). Defendant argues that Plaintiff's Amended Complaint does not cure the defects in the original Complaint; therefore, this Court will construe Defendant's Motion to Dismiss as being addressed to the Amended Complaint.

## III. Analysis

Defendant argues that Plaintiff failed to plead what is required under Virginia law to state a claim arising from wrongful exposure to asbestos. Reply at 1. Plaintiff argues that Defendant did not read his Motion for Judgment with care, but that in any case his Amended Complaint resolved any confusion as to the presence of Plaintiff's injuries. Opposition at 3.

█ In this diversity action, Virginia's choice of law rules apply. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). For tort actions, Virginia applies the doctrine of *lex loci delicti*. *Milton v. IIT Research Institute*, 138 F.3d 519, 521 (4th Cir.1998). Because the alleged wrong occurred in Virginia, Virginia law governs this action.

### A. Negligence, Willful or Wanton Conduct, Fraud, and Battery

In Counts One through Four, Plaintiff charges Defendant with negligence, willful or wanton conduct, fraud, and battery due to Plaintiff's exposure to asbestos. However, as discussed below, Plaintiff has not sufficiently alleged either physical or psychological injury from his asbestos exposure and therefore Counts One through Four must be dismissed.

#### 1. Physical Injury

Under the Virginia Code, the cause of action for an injury "resulting from exposure to asbestos" accrues when "a diagnosis of asbestosis, interstitial fibrosis, mesothelioma, or other disabling asbestos-related injury or disease is first communicated to the person or his agent by a physician." Va.Code Ann. § 8.01–249(4) (2003).

Plaintiff's Amended Complaint alleges that he suffers from "headaches, coughing, sore throat, irritated eyes, wheezing, shortness of breath and chest tightness and pain." Amended Complaint ¶ 44.

Plaintiff argues that it is "quite clear that in the Amended Complaint [Plaintiff] has alleged physical injuries as a result of his exposure to asbestos, asbestos dust and asbestos fibers due to the actions of [Defendant]." Opposition at 6. Defendant, however, correctly points out that these "generalized ailments ... do not come even close to a legal or medical injury in an asbestos exposure case." Reply at 1.

█ Viewing the facts alleged in the Amended Complaint in the light most favorable to Plaintiff, it is clear to this Court that Plaintiff may have headaches, coughing, sore throat, irritated eyes, wheezing, shortness of breath, and chest tightness. However, it is equally clear that Plaintiff does not suffer from asbestosis, interstitial fibrosis, mesothelioma, or other disabling asbestos-related disease, as required under Virginia law. In fact, Plaintiff admits this in his Amended Complaint by alleging that he merely has a "fear of developing asbestosis" and an "increased risk of developing asbestosis." Amended Complaint ¶ 44. Plaintiff's ailments may be symptoms of asbestosis, or they may not; however, until Plaintiff is diagnosed with an asbestos-related disease, he has no cause of action stemming from a physical injury.

#### 2. Psychological Injury

█ Further, because Plaintiff does not suffer from an asbestos-related disease, he may not recover in Counts One through Four for the psychological injuries he has alleged, including "emotional distress" and "fear of developing" asbestosis and cancer. The United States Court of Appeals for the Fourth Circuit has held that "Virginia requires physical injury before a plaintiff may recover damages for emotional distress." *Ball v. Joy Technologies, Inc.*, 958 F.2d 36, 39 (4th Cir.1991), *cert. denied*, 502 U.S. 1033, 112 S.Ct. 876, 116 L.Ed.2d 780 (1992).

Courts in ... Virginia have recognized that damages for emotional distress may be recovered in three specific instances: (1) where the emotional disturbance results from an actual physical injury caused by the impact or occurrence of the tort; (2) where there is no initial impact or injury but physical injury thereafter results as the causal effect of the defendant's wrong; and (3) where there is no impact or physical injury but emotional disturbance results from an intentional or wanton wrongful act caused by the defendant. Except for the intentional infliction of emotional distress,[2] damages for emotional distress may not be recovered under ... Virginia law absent a finding of physical injury. *Ball,* 958 F.2d at 38 (citing *Hughes v. Moore,* 214 Va. 27, 197 S.E.2d 214, 219 (Va.1973)). Because Plaintiff has not alleged physical injury, as discussed above, he may not recover for psychological damages in Counts One through Four.

### B. Negligent and Intentional Infliction of Emotional Distress

In Counts Five and Six, Plaintiff alleges negligent infliction of emotional distress and intentional infliction of emotional distress. As discussed below, Plaintiff has not met the pleading standard for either Count and both must be dismissed.

### 1. Negligent Infliction of Emotional Distress

■ "In the Commonwealth of Virginia, a plaintiff may recover for the tort of negligent infliction of emotional distress only if [he] suffers a physical manifestation of [his] injury." *Allen v. College of William & Mary,* No. 4:02cv31, 2002 U.S. Dist. LEXIS 25635 at *32 (E.D.Va.2002) (citing *Hughes,* 214 Va. at 34, 197 S.E.2d 214). As discussed above, Plaintiff has not alleged an injury for exposure to asbestos.

Because "Virginia requires physical injury before a plaintiff may recover damages for emotional distress," Plaintiff may not recover damages under his theory of negligent infliction of emotional distress and therefore Count Five must be dismissed. *Ball,* 958 F.2d at 39.

### 2. Intentional Infliction of Emotional Distress

■ Under Virginia law, intentional infliction of emotional distress does not require physical injury but does require that "(1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous and intolerable in that it offends generally accepted standards of decency and morality; (3) the wrongdoer's conduct caused the emotional distress; and (4) the emotional distress was severe." *Baird v. Rose,* 192 F.3d 462, 472 (4th Cir.1999) (citing *Womack v. Eldridge,* 215 Va. 338, 210 S.E.2d 145, 148 (Va.1974)).

There is no Virginia federal or state case addressing the issue of whether a plaintiff exposed to asbestos may bring a claim for intentional infliction of emotional distress absent a physical injury. "Where, as here, existing state law is not dispositive of the precise facts presented, a federal court must do its best to divine what the state's highest court would say if faced with the question." *Perez v. Espinola,* 749 F.Supp. 732, 733 (E.D.Va.1990). Therefore, the Court will examine Plaintiff's claim under the four-part *Womack* test.

Plaintiff's Amended Complaint alleges, in pertinent part, that Defendant knew that the walls, floors, and ceilings of the hotel contained asbestos, and that Defendant negligently and intentionally withheld this information from the Contractor and Subcontractor, despite knowledge that the construction workers would be exposed to

---

**2.** Plaintiff's intentional infliction of emotional distress claim is discussed below.

asbestos. Further, the Amended Complaint alleges that:

> As a direct and proximate result of Thor Norfolk Hotel, LLC's wrongful, careless, reckless and negligent conduct, plaintiff and the other construction workers were wrongfully exposed to and ingested and inhaled for at least thirteen full work days asbestos, asbestos dust and asbestos fibers.

> \*  \*  \*  \*  \*  \*

> Under the facts and circumstances as alleged, the plaintiff suffered extreme emotional distress, which is so severe that no reasonable person could be expected to endure it, as a direct and proximate result of the defendant's conduct as follows:

> (1) The plaintiff has suffered from extreme stress subsequent to the exposure;

> (2) The plaintiff has suffered objective physical injuries caused by the exposure to asbestos dust and fibers including, but not limited to, headaches, coughing, sore throat, irritated eyes, wheezing, shortness of breath, and chest tightness and pain;

> (3) The plaintiff has sought medical attention for the injuries suffered;

> (4) The plaintiff has been confined at home as a result of the exposure, stress and injuries suffered;

> (5) And in other physical symptoms.

Amended Complaint at ¶¶ 18, 41.

The Court finds that Plaintiff has alleged facts sufficient to satisfy the first and third elements of the test. With regard to the fourth element, the Virginia Supreme Court has held that "liability arises only where the emotional distress is extreme, and only where the stress inflicted is so severe that no reasonable person could be expected to endure it." *Russo v. White*, 241 Va. 23, 27, 400 S.E.2d 160

(1991). Plaintiff carefully pleads such unendurable stress, using the language of *Russo*, and also alleges that he has sought medical attention, that he has been confined to his home, and that he has lost income. *See Russo*, 241 Va. at 28, 400 S.E.2d 160 (holding that such claims might be sufficient to make out a claim for intentional infliction of emotional distress). Therefore, the Court cannot say on the face of Plaintiff's Amended Complaint that he has not suffered harm sufficient to satisfy the fourth element.

To satisfy the second element, however, a claim for intentional infliction of emotional distress requires conduct which is "beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Russo*, 241 Va. at 27, 400 S.E.2d 160. "Even if a defendant has intended to inflict emotional distress, or his conduct is characterized by malice, or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort, the requirement has not been met." *Id.* The element of outrageousness "is a question of law for resolution by the court, and only becomes a jury question when reasonable persons could disagree." *Gordon v. Gestetner Corp.*, 995 F.2d 1062, 1993 WL 198191 at *1 (4th Cir.1993) (citing *Womack*, 215 Va. 338, 210 S.E.2d 145, 148).

This Court keeps in mind that because such emotional injury "can be easily feigned," intentional infliction of emotional distress is "not favored" under Virginia law. *Dixon v. Denny's*, 957 F.Supp. 792, 796 (E.D.Va.1996) (citing *Ruth v. Fletcher*, 237 Va. 366, 373, 377 S.E.2d 412 (1989)). *See also Morris v. City of Charlottesville*, No. 3:00cv29, 2001 WL 743771 at *9 (W.D.Va.2001) ("Virginia courts have declared this tort unfavored in law and have established a very high threshold for plaintiffs to meet.").

In examining Virginia caselaw, this Court agrees that "[o]n those occasions when courts have found the plaintiff's pleadings of this tort sufficient to reach a jury, the plaintiff is inevitably the *direct target* of the challenged conduct." *Morris*, 2001 WL 743771 at *9 (emphasis added). *See, e.g., Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 523 S.E.2d 826 (Va.2000) (in which defendants failed to inform plaintiff of possible exposure to HIV resulting from sexual assault); *Womack*, 215 Va. 338, 210 S.E.2d 145 (in which defendant tricked plaintiff into being photographed and resultant photo was used in child molestation case); *Lewis v. Gupta*, 54 F.Supp.2d 611 (E.D.Va.1999) (in which plaintiff was imprisoned for 529 days due to defendants' false allegation that he was a sexual predator); *Baird*, 192 F.3d at 472 (in which defendant's behavior was sufficiently outrageous to survive a motion to dismiss where defendant "had reason to know that [plaintiff] was particularly susceptible"). Nowhere does Plaintiff allege that Defendant's conduct was aimed specifically at Plaintiff. In fact, it appears from the face of the Amended Complaint that Plaintiff is complaining that Defendant had knowledge of the presence of asbestos but did not tell the Contractor it hired to renovate the hotel. The Contractor did not tell the Subcontractor of the presence of asbestos because it did not have the knowledge. The Subcontractor who was hired by the Contractor did not tell its employee Plaintiff of the presence of asbestos, again because the Subcontractor had no knowledge. Even viewing the facts in the light most favorable to Plaintiff, this Court cannot construe Plaintiff's Amended Complaint to allege that Defendant's behavior was directed specifically at Plaintiff.

█ In a factually similar asbestos exposure case, the District Court for the Eastern District of Pennsylvania held:

where the wrongdoing is not specifically directed at plaintiff, fear and anxiety of contracting cancer from exposure to asbestos in the workplace is not enough to present a viable claim for intentional infliction of emotional distress even where certain physical manifestations occur such as insomnia, headaches, breathing difficulties, or the like.

*Morrison v. Williams*, No. 98–2408, 1998 WL 717423 at *2 (E.D.Pa.1998) (where plaintiff, employed by contractor of defendant, was exposed to asbestos in the workplace, he could not sue defendant for intentional infliction of emotional distress brought on by fear of developing cancer). This Court agrees with the reasoning of the Pennsylvania court and finds that, even accepting all of Plaintiff's allegations as true, Plaintiff has not sufficiently alleged conduct that is so outrageous as to be utterly intolerable in a civilized community, as Defendant did not direct its alleged conduct specifically toward Plaintiff.

In rejecting Plaintiff's claim, this Court heeds the Supreme Court's caution that mere contact with asbestos "does not seem to offer much help in separating valid from invalid emotional distress claims. That is because contacts, even extensive contacts, with serious carcinogens are common." *Metro–North Commuter R.R. Co. v. Buckley*, 521 U.S. 424, 435, 117 S.Ct. 2113, 138 L.Ed.2d 560 (1997) (holding that a railroad worker negligently exposed to asbestos could not recover for negligently inflicted emotional distress under FELA where the worker did not manifest symptoms of a disease). Without something more than mere contact with asbestos, it is impossible to sort out "the truly fearful from the malingerers." *See Billips v. Norfolk and Western Railway*, No. 96–3540, 1997 Va. Cir. LEXIS 582 at *7 (Va.Cir.Ct.1997).

In sum, Plaintiff may some day, somewhere, at some time, have a viable cause of

action relating to his alleged exposure to asbestos, but he does not have one now. This Court sympathizes with Plaintiff's complaints, as the Court also suffers from headaches, irritated eyes, and mental anguish, possibly caused by those who bring lawsuits. Unfortunately, the Court also shares with Plaintiff the lack of someone to sue for its woes.

The Court does not require a hearing on this motion to conclude that Plaintiff's lawsuit is without merit. Plaintiff's Amended Complaint is therefore **DISMISSED**.

## IV. Conclusion

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Dismiss the Amended Complaint. The Clerk of the Court is **DIRECTED** to transmit a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**